UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND

| | | |
|---|---|---|
| WESTERN SURETY COMPANY | ) | Civil Action No. _____ |
| | ) | ELECTRONICALLY FILED |
| PLAINTIFF | ) | |
| vs. | ) | |
| | ) | |
| BEAU MITCHELL CORPORATION | ) | |
| 1870 W. Hoosier Boulevard | ) | |
| Peru, Indiana  46970 | ) | |
| Serve:  Erik Marburger | ) | |
|     Managing Agent or Officer | ) | |
|     1870 W. Hoosier Boulevard | ) | |
|     Peru, Indiana 46970 | ) | |
| | ) | |
| JODIE MARBURGER | ) | |
| 1162 W. El'Burn Drive | ) | |
| Peru, Indiana 46970 | ) | |
| | ) | |
| ERIK MARBURGER | ) | |
| 1162 W. El'Burn Drive | ) | |
| Peru, Indiana 46970 | ) | |
|     ~ and ~ | ) | |
| 1771 W. Otter Creek Drive | ) | |
| Peru, Indiana 46970 | ) | |
| | ) | |
| WILLIAM R. KINDIG | ) | |
| 6968 S. 125 West | ) | |
| Bunker Hill, Indiana 46914 | ) | |
| | ) | |
| DEFENDANTS | ) | |

## **COMPLAINT**

Comes the Plaintiff, Western Surety Company ("Western Surety"), by counsel, and for its Complaint against the Defendants, Beau Mitchell Corporation, Jodie Marburger, Erik Marburger and William R. Kindig (collectively referred to as the "Defendants" or "Indemnitors" as the context dictates) states as follows:

## JURISDICTION AND VENUE

1. The Plaintiff, Western Surety, is a South Dakota corporation duly authorized to transact business in the State of South Dakota, with its principal place of business located in Sioux Falls, South Dakota.

2. The Defendant, Beau Mitchell Corporation ("Beau Mitchell"), is an Indiana corporation with its principal place of business located in Peru, Indiana, and it is a corporate indemnitor, pursuant to the allegations below.

3. The Defendant, Jodie Marburger, is the Secretary of Beau Mitchell Corporation, and she is an individual indemnitor whose last known address is 1162 W. El'Burn Drive, Peru, Indiana 46970, such that she is a citizen and resident of the State of Indiana.

4. The Defendant, Erik Marburger, is the President and Registered Agent of Beau Mitchell Corporation, and he is an individual indemnitor whose last known addresses are 1162 W. El'Burn Drive, Peru, Indiana 46970 and 1771 W. Otter Creek Drive, Peru, Indiana 46970, such that he is a citizen and resident of the State of Indiana.

5. The Defendant, William R. Kindig, is an individual indemnitor whose last known address is 6968 S. 125 West, Bunker Hill, Indiana 46914, such that he is a citizen and resident of the State of Indiana.

6. The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity between Western Surety and Beau Mitchell Corporation and Jodie Marburger and Erik Marburger and William R. Kindig and therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

7. The Defendants in this action are citizens and residents of this judicial district, and therefore, venue is proper herein pursuant to 28 U.S.C. § 1391(b)(1).

## FACTS RELEVANT TO ALL COUNTS

8. On or about August 17, 2009, in order to induce Western Surety to execute surety bonds on behalf of Beau Mitchell Corporation, as principal, the Defendants executed a General Agreement of Indemnity ("Indemnity Agreement") in favor of Western Surety, as surety. A copy of said Indemnity Agreement is attached hereto as Exhibit "A," and is incorporated herein by reference as though fully set forth herein verbatim.

9. Pursuant to the terms and conditions of the Indemnity Agreement, the Defendants agreed, among other things, to the following:

> \* \* \*
> (2) The Indemnitors will indemnify and save the Company harmless from and against every claim, demand, liability, cost, charge, suit, judgment and expense which the company may pay or incur in consequence of having executed, or procured the execution of such bonds, or any renewals or continuations thereof or substitutes therefor, including, but not limited, to fees of attorneys, whether on salary, retainer or otherwise, and the expense of procuring, or attempting to procure, release from liability, or in bringing suit to enforce the obligation of any of the Indemnitors under this Agreement. In the event the Company deems it necessary to make an independent investigation of a claim, demand or suit, the Indemnitors acknowledge and agree that all expenses attendant to such investigation is included as an indemnified expense. In the event of payments by the Company, the Indemnitors agree to accept the voucher or other evidence of such payments as prima facie evidence of the propriety thereof, and of the Indemnitors' liability therefor to the Company.
>
> (3) Payment shall be made to the Company by the Indemnitors as soon as liability exists or is asserted against the Company, whether or not the Company shall have made any payment therefor. Such payment shall be either equal to the larger of (a) the amount of any reserve set by the Company, or (b) such amount as the Company, in its sole judgment, shall deem sufficient to protect it from loss. The Company shall have the right to use the deposit, or any part thereof, in payment or settlement of any liability, loss or expense for which the Indemnitors would be obligated to indemnify the Company under the terms of this Agreement. If for any reason the Company shall deem it necessary to increase a reserve to cover any

possible liability or loss, the Indemnitors will deposit with the Company, immediately upon demand, a sum of money equal to any increase thereof as collateral security to the Company for such liability or loss.

(5) The Company shall have the exclusive right to determine for itself and the Indemnitors whether any claim or suit brought against the Company or the principal upon any such bond shall be settled or defended and its decision shall be binding and conclusive upon the Indemnitors.

(8) In the event the Indemnitors, or any of them, shall (a) fail to pay any premium charge when due, or (b) fail to pay any amounts due under paragraphs 2 or 3, or (c) abandon, forfeit or breach such contract, or (d) breach any bond given in connection therewith, or (e) fail, neglect or refuse to pay for any labor or materials used in the prosecution of such contract, or (f) have proceedings instituted against them, or any of them, alleging that they are insolvent, or for the appointment of a receiver or trustee for the benefit of creditors, whether such Indemnitor(s) are insolvent or not, or (g) have proceedings instituted against them, or any of them, the effect of which may be to deprive any of them of the use of any art of the equipment used in connection with the work under the contract so as to hinder, delay or impede the normal satisfactory progress of the work (hereinafter individually and collectively referred to as "Event of Default"), the Company shall have the right, but not the obligation, to take possession of the work under the contract and under any other contract in connection with which the Company has given its bond or bonds within the purview of this Agreement and, at the expense of the Indemnitors, to complete the contract(s), or cause, or consent, to the completion thereof.

(17) The Indemnitors understand and agree that this document is a continuing agreement to indemnify over an indefinite period and that bonds and undertakings issued by the Company pursuant to this Agreement may vary widely in amounts and nature and that the Indemnitors will be bound by all such bonds and undertakings, and any increases in the penal limits of such bonds and undertakings.

* * *

10. Following execution of the Indemnity Agreement by the Defendant, and in reliance thereon, Western Surety, as surety, executed a bond ("the Bond") for Beau Mitchell Corporation, as principal, for the benefit of the United States of America in the

amount of $1,234,902 for a project identified as "Buildings 10 and 3219; Contract No. N40083-09-D-2207-0003 located at NSA Crane Building, Crane, IN" (hereinafter referred to as the "Project"). A copy of the foregoing Bond is attached hereto as Exhibit "B," and is incorporated herein by reference as though fully set forth herein verbatim.

11. Following execution of the foregoing Bond, Western Surety received notice of a claim and demand for payment thereunder, in the amount of $161,642.79, which Western Surety paid pursuant to the terms and conditions of the Bond and for which Western Surety has suffered losses and expenses.

12. Western Surety has demanded that the Defendants perform, in accordance with the terms of the Indemnity Agreement and reimburse, exonerate, and indemnify Western Surety for its losses and potential losses and expenses resulting from its execution of the Bond.

## COUNT I
## Breach of Indemnity Agreement

13. Western Surety hereby restates each and every allegation contained in the paragraphs hereinbefore as though fully set forth herein.

14. Western Surety has performed its obligations pursuant to the Bond it wrote on behalf of the Defendants and has demanded that the Defendants perform their obligations in accordance with the terms of the Indemnity Agreement.

15. The Defendants have failed and refused to perform their obligations under said Indemnity Agreement and are, therefore, in breach of the same.

16. As a result of the Defendants' breach of the Indemnity Agreement, Western Surety has paid a claim, according to the terms and conditions of the Bond, after determining its validity, thereby incurring losses and expenses. Western Surety will continue to

incur expenses, all for which the Defendants are jointly and severally liable to Western Surety under the terms and conditions of the Indemnity Agreement in the amount of $161,642.79.

17. As a result of the Defendants' breach of the Indemnity Agreement, Western Surety has employed counsel whom is not a regularly salaried employee of Western Surety and will suffer expenses relating to their services, all for which the Defendants are jointly and severally liable to Western Surety pursuant to the terms of the Indemnity Agreement.

## COUNT II
### Exoneration

18. Western Surety hereby restates each and every allegation contained in the paragraphs hereinbefore as though fully set forth herein.

19. Western Surety has been called upon by the United States of America to perform pursuant to its obligations under the Bond, and as a result, Western Surety incurred losses and expenses related to the same.

20. Pursuant to the terms of the Indemnity Agreement, Western Surety is entitled to be exonerated by the Defendants herein and is therefore entitled to an immediate Order from this Court requiring the Defendants to place funds or other security with Western Surety in the total amount of $161,642.79, and for such further amounts as appropriate.

## COUNT III
### Access to Books and Records

21. Western Surety hereby restates each and every allegation contained in the paragraphs hereinbefore as though fully set forth herein

22. Pursuant to the Indemnity Agreement, Western Surety is entitled to free access to the books, records, and accounts of the Defendants herein.

23. Western Surety is entitled to specific performance of this provision of the Indemnity Agreement, and this Court should order the Defendants to immediately make available for inspection the books, records, and accounts of the Defendants.

NOW, WHEREFORE, the Plaintiff, Western Surety Company, demands as follows:

1. Judgment on Count I of the Complaint against the Defendants, Beau Mitchell Corporation, Jodie Marburger, Erik Marburger, and William R. Kindig, jointly and severally, in the amount of $161,642.79 and any other losses and expenses incurred by Plaintiff, with interest thereon at the legal rate until paid by the Defendants and any expenses and attorneys' fees incurred by the Plaintiff in recovering its losses, which amount the Plaintiff reserves the right to amend to conform to its additional losses, expenses, and attorneys' fees incurred herein;

2. Judgment on Count II of the Complaint against the Defendants, Beau Mitchell Corporation, Jodie Marburger, Erik Marburger, and William R. Kindig, jointly and severally, exonerating and relieving the Plaintiff from all liability, losses, costs, damages, and expenses under its Bond, whether known, incurred, or to be incurred, and by the use of such means as the Court may deem just, currently in the amount of $161,642.79;

3. Judgment on Count III of the Complaint against the Defendants, Beau Mitchell Corporation, Jodie Marburger, Erik Marburger, and William R. Kindig, requiring that they specifically perform their Indemnity Agreement obligations by making immediately available for inspection by the Plaintiff the books, records, and accounts of the Defendants;

4. Judgment against the Defendants, Beau Mitchell Corporation, Jodie Marburger, Erik Marburger, and William R. Kindig, jointly and severally, for its reasonable attorneys' fees, expenses, and costs incurred herein, as set forth hereinabove; and

5. For any and all other relief which the Court may deem appropriate.

Respectfully Submitted,

*/s/ Gene F. Zipperle, Jr.*
GENE F. ZIPPERLE, JR. (Ind. Ct. No. 14696-10)
WARD, HOCKER & THORNTON, PLLC
Hurstbourne Place, Suite 700
9300 Shelbyville Road
Louisville, Kentucky  40222
(502) 583-7012
(502) 583-7018 (Fax)
GZipperle@whtlaw.com
*Counsel for Plaintiff*
*Western Surety Company*